UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA ROSITA ROMERO VAZQUEZ, | Case No. 5:26-cv-02333-FLA (SK) |
| Petitioner, | |
| v. | **ORDER GRANTING PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 2]** |
| WARDEN, ADELANTO ICE PROCESSING CENTER, *et al.*, | |
| Respondents. | |

## **RULING**

On May 4, 2026, Petitioner Ana Rosita Romero Vazquez ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, challenging her immigration detention as a violation of the Due Process Clause of the Fifth Amendment, the Eighth Amendment, the Immigration and Nationality Act, and applicable federal regulations.  Dkt. 1.[1]

///

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

That same day, Petitioner filed the subject *Ex Parte* Application for Temporary Restraining Order ("Application"), requesting the court issue a temporary restraining order "enjoining Respondents, their agents, and their employees from: a. Transferring Petitioner … from her current place of detention at the Adelanto ICE Processing Center; b. Removing or deporting Petitioner from the United States; c. Failing to provide Petitioner with all necessary and prescribed daily medication and adequate medical care for her epilepsy, depression, and anxiety; and d. Taking any other action to facilitate her transfer or removal pending a hearing on this matter."  Dkt. 2 at 6. Petitioner further requests the court: (1) "[o]rder Respondents to show cause why a preliminary injunction should not issue"; (2) "[s]et a hearing on the concurrently filed Petition for Writ of Habeas Corpus within five (5) days …"; and (3) "[g]rant such other and further relief as this [c]ourt deems just and proper."  *Id.*

On May 11, 2026, Respondents filed a Response to the Application stating, "[b]ased upon Petitioner's allegations, she appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)[,] *reconsideration granted in part*, --- F. Supp. 3d ---, 2025 WL 3713982 (Dec. 18, 2025), *and amended and superseded on reconsideration*, --- F. Supp. 3d ---, 2025 WL 3713987 (Dec. 18, 2025)."  Dkt. 7 at 2.  "Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it," and that this court may order them to provide Petitioner with an individualized bond hearing "consistent with what [c]ourts in this District have generally ordered in similar cases[.]"  *Id.*

Respondents do not address Petitioner's specific requests in their Response to the Application.  *See id.*  Given the nature of the relief requested and Respondents' lack of argument or objection thereto, the court construes the Application as and converts the Application into a motion for preliminary injunction.

Having reviewed and considered the Application, Respondents' Response, and all relevant portions of the record, and in light of Respondents' lack of argument or objection to the relief requested, the court GRANTS the Application and ORDERS as follows:

1.  Pending the final resolution of this action and absent further order by this court, Respondents are ENJOINED from: (1) transferring, relocating, or removing Petitioner from the Central District of California; (2) removing or deporting Petitioner from the United States; and (3) failing to provide Petitioner with all necessary and prescribed daily medication for her epilepsy, depression, and anxiety.

2.  As Respondents acknowledge Petitioner "appears to be subject to the *Bautista* judgment [and] the order enforcing the same," the court further ENJOINS Respondents from continuing to detain Petitioner unless she is provided with an individualized bond hearing before an immigration court, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of the date of this Order.

3.  Finally, the court REFERS Petitioner's request for a hearing date on the Petition, pursuant to 28 U.S.C. § 2243, to the assigned Magistrate Judge for his consideration.

IT IS SO ORDERED.

Dated: May 12, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

3